## Axos Fin., Inc. v Reception Purchaser, LLC

2025 NY Slip Op 31400(U)

April 21, 2025

Supreme Court, New York County

Docket Number: Index No. 650108/2025

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

------------------------------------------------------------------------X

AXOS FINANCIAL, INC., SIEMENS FINANCIAL
SERVICES, INC.,

Plaintiffs,

- v -

RECEPTION PURCHASER, LLC et al.,

Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650108/2025 |
| **MOTION DATES** | 04/01/2025, 04/01/2025 |
| **MOTION SEQ. NOS.** | 002 003 |

**DECISION + ORDER ON MOTIONS**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 002)  98–109, 124, 129 were read on this motion to <u>SEAL</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003)  110–117, 119–122, 125–128, 135, 137–139 were read on this motion to <u>SEAL</u>.

Before the Court are two motions to seal.  Defendants Reception Purchaser, LLC, Reception Mezzanine Holdings, LLC, STG Distribution, LLC, and STG Distribution Holdings, LLC's ("STG Defendants") move for an order pursuant to 22 NYCRR § 216.1(a) to seal/redact certain portions of confidential information in the following exhibits to the Affirmation of Jeffrey R. Goldfine (NYSCEF Doc. No. 83): (1) Exhibit 2 (NYSCEF Doc. No. 87) (Fifth Amendment to the Credit Agreement, dated as of May 1, 2024); (2) Exhibit 3 (NYSCEF Doc. No. 89) (Sixth Amendment to the Credit Agreement, dated as of October 3, 2024); (3) Exhibit 4 (NYSCEF Doc. No. 91) (Dropdown Credit Agreement, dated as of October 3, 2024); and (4) Exhibit 5 (NYSCEF Doc. No. 93) (Intercompany Credit Agreement, dated as of October 3, 2024) (together, the "STG Exhibits").

Defendant Sentry Insurance Company ("Sentry") moves for an order pursuant to Section 216.1(a) to seal certain exhibits of the Affirmation of James E. McDonald: Exhibit A (NYSCEF Doc. No. 66) ("Sub-Advisory Agreement" between Sentry Investment Management, LLC ("SIM") and  Invesco Senior Secured Management, Inc. ("Invesco"); Exhibit B (NYSCEF Doc. No. 67) (Assignment, Assumption and Amendment Agreement between SIM, Sentry, and Invesco); Exhibit C (NYSCEF Doc. No. 68) ("Amendment Agreement dated October 1, 2021 between Sentry and Invesco"); and to redact certain portions of Exhibit D (NYSCEF Doc. No. 69) ("Monthly Report as of December 31, 2024, that Invesco prepared for Sentry pursuant to the Investment Management Agreement") (together, the "Sentry Exhibits").

For the reasons as set forth herein, the unopposed motions are hereby GRANTED.

**650108/2025  AXOS FINANCIAL, INC. ET AL vs. RECEPTION PURCHASER, LLC ET AL**          **Page 1 of 4**
**Motion No.  002 003**

[* 1]

Pursuant to Section 216.1(a), the Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." "There is a presumption that the public has the right of access to the courts to ensure the actual and perceived fairness of the judicial system, as the 'the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud.'" *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 501 (2d Dept. 2007) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991)). "The public right to access, however, is not absolute." *Mosallem v. Berenson*, 76 A.D.3d 345, 349 (1st Dept. 2010). "Although the rule does not further define 'good cause,' a standard that is 'difficult to define in absolute terms,' a sealing order should rest on a 'sound basis or legitimate need to take judicial action,' a showing properly burdening the party seeking to have a sealed record remain sealed." *Danco Lab'ys, Ltd. v. Chem. Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 8 (1st Dept. 2000) (internal citations omitted).

Courts have routinely held that, in the business context, a negative impact as to a movant's ability to conduct business or participate in negotiations is sufficient to warrant sealing. *See, e.g., Mosallem*, 76 A.D.3d at 350 ("we have allowed for sealing where trade secrets are involved, or where the release of documents could threaten a business's competitive advantage") (internal citations omitted); *Mavel, a.s. v. Rye Dev., LLC*, 79 Misc. 3d 1231(A) (N.Y. Sup. Ct. 2023); *People v. Leasing Expenses Co. LLC*, 73 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2021). "Additionally, the First Department has affirmed the sealing of records concerning financial information where there has not been a showing of relevant public interest in disclosure of the financing." *North Star Debt Holdings, L.P. v. Serta Simmons Bedding, LLC*, No. 652243/2020, 2020 WL 4530191, at *2 (N.Y. Sup. Ct. Aug. 04, 2020)(*citing Dawson v. White & Case*, 184 AD2d 246, 247 (1st Dept. 1992)).

**STG Defendants' Motion to Seal (Mot. Seq. 002)**

STG Defendants argue that the STG Exhibits contain certain non-public, financially sensitive information concerning information related to STG Defendant's existing loans and collateralization, which necessarily include information as to their lenders and the amounts of their loans. Disclosure of the economic terms of Defendants' loans as agreed to and memorialized in the STG Exhibits may expose business strategies regarding, for example, structuring of holdings thereby potentially causing harm to future negotiations and/or STG Defendants' ability to compete. *See North Star Debt Holdings*, 2020 WL 4530191, at *1–2.

The Court finds that STG Defendants demonstrate good cause to seal the documents at issue, and no legitimate interest for the public as to the sensitive, non-public financial information and its disclosure. Further, STG Defendants have proposed narrowly tailored redactions that appropriately identify the commercially sensitive information. Accordingly, the motion is granted.

**Sentry Defendant's Motion to Seal (Mot. Seq. 003)**

Sentry argues that prior to filing its Motion to Dismiss (NYSCEF Doc. No. 64), it was informed by Invesco Senior Secured Management, Inc. ("Invesco"), Sentry's investment advisor, that documents on which Defendant primarily relies identify commercially sensitive, individually

650108/2025 AXOS FINANCIAL, INC. ET AL vs. RECEPTION PURCHASER, LLC ET AL          Page 2 of 4
Motion No. 002 003

2 of 4

negotiated, and non-public information subject to the "Attorneys' Eyes-Only" protective order (NYSCEF Doc. No. 36). Non-Party Invesco filed letters in support of Sentry's request. NYSCEF Doc. Nos. 137–139. Sentry and Invesco argue that the Sentry Exhibits contain non-public information that incorporate individually negotiated and unique terms to their business relationship such as pricing information, investment policies, and investment methodologies—the disclosure of which would result in competitive harm to Invesco and particularly where other parties to this case are direct competitors of Invesco.

Exhibits A, B, and C comprise the Investment Management Agreement, pursuant to which Invesco was appointed at Sentry's investment advisor. "Under that Agreement, Invesco had 'sole discretion' and responsibility with respect to all decisions and actions relating to Sentry's investment portfolio, which included all conduct relating to investment in the subject loans." NYSCEF Doc. No. 117 (Sentry Mem. of Law) at 2. Specifically, Sentry states that the Sub-Advisory Agreement (Ex. A) "reflects confidential, competitively sensitive, individually negotiated commercial relationship terms that are unique to Sentry, as well as investment methodologies and pricing information;" the Assignment, Assumption and Amendment Agreement (Ex. B) "contains Invesco's confidential, competitively sensitive terms, provisions, and investment methodologies, as well as individually negotiated engagement terms"; and the Amendment Agreement (Ex. C) likewise contains non-public and commercially sensitive relationship terms. *Id*. at 5.

As to Exhibit D, Defendant requests that the Court permit re-filing with limited redactions to avoid disclosure of sensitive non-public data regarding hundreds of investments in Sentry's investment portfolio that are irrelevant to the present action. Specifically, the proposed redactions concern Invesco's investment methodologies for accounts it manages for Sentry.

The Court finds that Sentry demonstrates good cause to seal the Sentry Exhibits, and no legitimate interest for the public as to the sensitive, non-public financial information and its disclosure. *See, e.g., Mosallem*, 76 A.D.3d at 350–351; *Dawson*, 184 A.D.2d at 247. Further, Sentry and Invesco have established that disclosure of their relationship terms is likely to lead to competitive harm and/or disadvantage. Accordingly, the motion is granted.

Accordingly, it is hereby,

**ORDERED** that STG Defendants' Motion to Seal (Mot. Seq. 002) is GRANTED; and it is further

**ORDERED** that the unredacted versions of NYSCEF Doc. Nos. 87, 89, 91, and 93 (Exhibits 2–5 to the Affirmation of Jeffrey R. Goldfine in Support of the STG Defendants' Motion to Dismiss the Amended Complaint) shall remain under seal and shall not be made accessible to anyone other than the parties in this action, counsel of record for any party in this action, and authorized court personnel; and it is further

**ORDERED** that Sentry Defendant's Motion to Seal (Mot. Seq. 003) is GRANTED subject to the parties filing Exhibit D (NYSCEF Doc. No. 69) that contains only redactions offered in Exhibit 1 (NYSCEF Doc. No. 114) on or before April 25, 2025; and it is further

650108/2025   AXOS FINANCIAL, INC. ET AL vs. RECEPTION PURCHASER, LLC ET AL          Page 3 of 4
Motion No.  002 003

3 of 4

**ORDERED** that, upon service of a copy of this Decision and Order upon the Clerk of the Court, the Clerk shall maintain NYSCEF Doc. Nos. 66, 67, 68, and 69 (Exhibits A–D of the Affirmation of James McDonald) under seal, and accessible only to counsel of record for any party in this action and authorized court personnel; and it is further

**ORDERED** that nothing in this Decision and Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

**ORDERED** that as it relates to future submissions, made by any party, that contain subject matter that the court has authorized to be sealed by this Decision and Order, **parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed under seal.

The foregoing constitutes the Decision and Order of the Court.

20250421160229ARPATELC193C93C17D517F390D20E877CBC68F4

__4/21/2025__
**DATE**

_____
**ANAR R. PATEL, A.J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650108/2025   AXOS FINANCIAL, INC. ET AL vs. RECEPTION PURCHASER, LLC ET AL                Page 4 of 4
Motion No.  002 003

4 of 4